## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

JASON BROOKS,

                Plaintiff,

                                       CASE NO.: 5:23-cv-00371

VS.

CIRCLE K STORES, INC.,
CHARLOTTE ADAMS, and
SHIFTSMART, INC.,

                Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, JASON BROOKS, by and through the undersigned counsel, hereby

sues Defendant, CIRCLE K STORES, INC., CHARLOTTE ADAMS, and

SHIFTSMART, INC., and alleges:

1)     This is an action for damages that exceeds the sum of FIFTY

THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees

(The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional

threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the

civil cover sheet for the "estimated amount of the claim" as required in the preamble

to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has

ordered that the estimated "amount of claim" be set forth in the civil cover sheet for

data collection and clerical purposes only).  The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2)      At all times material to this action, Plaintiff, JASON BROOKS, was a natural person residing in Marion County, Florida.

3)      At all times material to this action, Defendant, CIRCLE K STORES, INC., is a Foreign Profit Corporation licensed to do business in the State of Florida.

4)      At all times material to this action, Defendant CHARLOTTE ADAMS was a natural person residing in the state of Florida.

5)      At all times material to this action, Defendant, SHIFTSMART, INC., is a Foreign Profit Corporation licensed to do business in the State of Florida

6)      At all times material hereto, Defendant, CIRCLE K STORES, INC., owned, controlled, operated, maintained, and managed the gas station and store known as Circle K, located at 14780 NE Highway 315, Fort McCoy, Florida 32134, open to the general public, including the Plaintiff herein.

7)      At all times material hereto, Defendant CHARLOTTE ADAMS was an employee of Defendant SHIFTSMART, INC.

8)      At all times material hereto, Defendant SHIFTSMART, INC. had a contract with Defendant CIRCLE K STORES INC. to supply temporary worker(s) to

the Circle K gas station and store located at 14780 NE Highway 315, Fort McCoy,

Florida 32134.

9)    At all times material hereto, Defendant CHARLOTTE ADAMS was

working at the Circle K gas station and store located at 14780 NE Highway 315, Fort

McCoy, Florida 32134.

10)    On December 31, 2021, Plaintiff was a business invitee at the Circle K

store located at 14780 NE Highway 315, Fort McCoy, Florida 32134, when he was

struck by a falling box, causing him to sustain injuries as set forth.

## COUNT I
## NEGLIGENCE CLAIM AGAINST DEFENDANT CIRCLE K STORES, INC.

Plaintiff realleges and reasserts the allegations contained within paragraphs 1

through 10 as if fully set forth herein.

11)    By virtue of ownership, Defendant CIRCLE K STORES INC. owed

Plaintiff a non-delegable duty to maintain the premises in a reasonably safe condition.

12)    At the time it caused Plaintiff's injury, the box at CIRCLE K STORES,

INC.'s Circle K gas station, store, and the products within, were in the exclusive

control of the Defendant.

13)    Ordinarily, Plaintiff's subject incident and/or injury would not have

happened without Defendant's negligence.

14)     At said time and place, Plaintiff, JASON BROOKS, was lawfully a guest and/or business invitee upon the premises of the Defendant, who owed Plaintiff a nondelegable duty to exercise reasonable care for his safety.

15)     At said time and place, Defendant, CIRCLE K STORES, INC., breached its duties owed to Plaintiff by committing one or more of the following omissions or commissions:

a. Negligently failing to maintain or adequately maintain the premises, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff, thus creating an unreasonably dangerous condition for Plaintiff;

b. Negligently failing to inspect or adequately inspect the premises as specified above, including the boxes, shelves, and displays, creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition;

c. Negligently failing to inspect or adequately warn the Plaintiff of the dangers of the premises, when Defendant knew or through the exercise of reasonable care should have known that said premises was unreasonably dangerous and that Plaintiff was unaware of same;

d. Negligently failing to correct and/or maintain and/or repair and/or adequately correct and/or replace the unreasonably dangerous

condition on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e.  Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises for dangerous conditions; and

f.  Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions.

16)    As a direct and proximate result of the negligence of Defendant, CIRCLE K STORES, INC., Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation or activation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## COUNT II
## NEGLIGENCE CLAIM AGAINST DEFENDANT CHARLOTTE ADAMS

Plaintiff realleges and reasserts the allegations contained within paragraphs 1 through 10 as if fully set forth herein.

17)    Defendant, CHARLOTTE ADAMS had a duty to use reasonable care while performing her work, including while stocking and/or unloading boxes at the subject store.

18)    Notwithstanding said duty, the Defendant, CHARLOTTE ADAMS, breached that duty in one or more of the following ways:

    a.  Negligently failing to exercise due care;

    b.  Negligently failing to keep a proper lookout;

    c.  Negligently failing to secure any boxes she may have been unloading;

    d.  Negligently failing to ensure that no customers were in the vicinity of the boxes she may have been unloading;

    e.  Negligently becoming distracted by engaging in other activities;

    f.  Negligently placing boxes in the walkway of customers; and

    g.  Negligently being otherwise careless in the operating of her work duties.

19)    As a direct and proximate result of the negligence of Defendant, CHARLOTTE ADAMS, Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and

significant scarring, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation or activation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**COUNT III**
**VICARIOUS LIABILITY CLAIM AGAINST DEFENDANT**
**SHIFTSMART, INC.**

Plaintiff realleges and reasserts the allegations contained within paragraphs 1 through 10 as if fully set forth herein.

20)    At all times material hereto, Defendant CHARLOTTE ADAMS was working at Circle K within the course and scope of her employment with Defendant SHIFTSMART, INC.

21)    At all times material hereto, Defendant SHIFTSMART, INC. had a contract with Defendant CIRCLE K STORES, INC. to provide worker(s) for the subject store location.

22)    At all times material hereto, Defendant, SHIFTSMART, INC. vicariously through the conduct of its employee, agent, or representative, breached this duty and therefore is responsible for Plaintiff's injuries, since the employee, agent or

representative was in the scope and course of employment, agency or representation at the time of attempting to further the benefit of the Defendant SHIFTSMART, INC.

23)    That as said time and place, Defendant, SHIFTSMART, INC., was negligent in one or more of the following respects:

a. SHIFTSMART, INC. is vicariously responsible for the negligent conduct of its employee, agent or representative, while acting in the course and scope of her employment, agency or representation, at the time when she was working at the subject Circle K store including but not limited to her actions while stocking and/or unloading boxes.

b. SHIFTSMART, INC. is vicariously responsible for the negligent conduct of its employees, agent or representative, who, while acting in the course and scope of her employment, agency or representation, caused Plaintiff to be struck by a box.

c. SHIFTSMART, INC. is vicariously responsible for the negligent failure of its employee, agent or representative, and/or the subject Circle K store to have proper policies and procedures in place for properly training, supervising, and instructing its employee, agent or representative, who caused Plaintiff to be struck with a box while Plaintiff was lawfully on the premises of the Circle K store.

d.  SHIFTSMART, INC. is vicariously responsible for the negligent failure of its employee, agent or representative, and/or the subject Circle K store to enforce applicable policies and procedures in exercising its duties and responsibilities over the subject Circle K store premises and operations.

24)    As a direct and proximate result of the negligence of Defendant, SHIFTSMART, INC., Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation or activation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, JASON BROOKS, sues the Defendants, CIRCLE K STORES, INC., CHARLOTTE ADAMS, and SHIFTSMART, INC., for damages and demands judgment in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 1st day of January, 2025.

_____

Raissa Booze, Esq.
FBN 1000430
Morgan & Morgan, P.A.
1007 E. Silver Springs Boulevard
Ocala, FL 34470
Telephone:  (352) 644-2005
Facsimile:   (352) 644-2030
Primary email: rbooze@forthepeople.com
Secondary email: abarry@forthepeople.com
Attorneys for Plaintiff